# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| CODY A. KING, | ) |
|     *Plaintiff*, | ) Case No. 4:18-cv-2 |
| v. | ) Judge Travis R. McDonough |
| AUSTIN SWING, TIM LOKEY, MARY WEST, TONYA EDWARDS, and BECKY (NURSE), | ) Magistrate Judge Susan K. Lee |
|     *Defendants*. | ) |

## MEMORANDUM OPINION

Before the Court is a *pro se* prisoner's complaint for violation of civil rights filed pursuant to 42 U.S.C. § 1983 (Doc. 2). The Court previously granted Plaintiff leave to proceed *in forma pauperis* and will now screen Plaintiff's complaint in accordance with the Prison Litigation Reform Act ("PLRA").

**I.     FACTS**

Plaintiff is currently incarcerated at the Bedford County Correctional Facility ("BCCX"). (Doc. 2.) In his complaint, he alleges that the prison conditions at BCCX are "cruel and unusual." (*Id.* at 4.) Specifically, Plaintiff alleges the following: (1) he slept on the floor from October 8, 2017 to December 5, 2017; (2) prisoners have been denied medical attention and medication on the weekends when no nurse is on duty; (3) mail is sometimes withheld for days or weeks; (4) prisoners are "denied" hygiene and only get one pair of clothing; (5) inmates are often housed with other inmates that have "deadly diseases like TB, Hep C, [or] AIDS"; (6) there are 185 inmates in a 65-man facility; (7) inmates are denied cleaning supplies and laundry goes

out and may not come back for three or four days; (8) there is inadequate food on inmate trays; (9) "guards are beating inmates to death" with no consequences; (10) there are rodents and rats in the BCCX food preparation area; (11) the sewers are backing up into the sinks and showers; (12) state inspectors never leave the tower during their inspections; and (13) there are "rats and deadly spiders" in the pods where inmates sleep. (*Id.* at 2–3.) Finally, Plaintiff alleges that he has written grievances to Tim Lokey, Mary West, Jennifer Little, and Austin Swing but "most go unanswered" or he receives "off the wall" responses. (*Id.* at 2.)

## II. LEGAL STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe *pro se* pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim for relief. *Twombly*, 550 U.S. at 555, 570. Formulaic and conclusory recitations of the

2

elements of a claim which are not supported by specific facts are also insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

**III. ANALYSIS**

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

As a threshold matter, Plaintiff has failed to identify how any of the named Defendants were involved in the alleged deprivation of his constitutional rights. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (describing that a § 1983 complaint "must allege that the defendants were personally involved in the alleged deprivation of federal rights"). The only reference to Defendants Lokey, West, and Swing in Plaintiff's complaint is an assertion that Defendant has submitted grievances to them at some point. (Doc. 2, at 2.) Plaintiff's complaint does not mention Defendants Tonya Edwards and Becky. (*See generally id.*)

To the extent Plaintiff seeks to hold Swing responsible in his official capacity as Sheriff, § 1983 liability "must be based on more than respondeat superior, or the right to control employees." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "Thus, liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Id.* (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). However, liability may attach to a supervisory official if the plaintiff can "show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995).

3

But Defendant has alleged no facts that would support supervisory liability for Swing. On this basis alone, Plaintiff's complaint must be dismissed.

Moreover, Plaintiff's complaint also fails to state a claim for any constitutional violation. "It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with the "minimal civilized measure of life's necessities," such as food, sanitation, medical care, and personal safety. *See Rhodes v. Chapman*, 452 U.S. 337, 347–48 (1981); *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010).

Thus, to establish an Eighth Amendment violation, a plaintiff must make a two-prong showing. First, the deprivation alleged must be, objectively, "sufficiently serious," (the "objective prong") and second, the prison official must have been deliberately indifferent to plaintiff's health or safety (the "subjective prong"). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff's allegations fail to satisfy the objective prong.

First, Plaintiff alleges that there are 185 inmates in a 65-man facility and that he slept on the floor from October 8, 2017 to December 5, 2017. However, "overcrowding is not, in itself, a constitutional violation." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012). "[I]f the overcrowding results in the denial of a basic human need, such as food, shelter, or warmth, that would be a constitutional wrong." *Starnes v. Green Cty. Sheriff's Dep't*, No. 2:08-CV-244, 2010 WL 2165368, at *5 (E.D. Tenn. May 26, 2010). Plaintiff does not allege that the crowded facility has led to denial of his basic human needs. Moreover, Plaintiff's allegation that he slept on the floor for approximately two months, without alleging any additional harm, does not amount to an extreme deprivation required to state an Eighth Amendment claim. *See Jones v.*

*Toombs*, 77 F.3d 482 (6th Cir. 1996) (table) ("The defendants did not violate Jones's Eighth Amendment rights by depriving him of a mattress for a two week period."); *see also Grissom v. Davis*, 55 F. App'x 756, 758 (6th Cir. 2003) (finding no Eighth Amendment violation where plaintiff "neither alleged nor presented any evidence that the seven-day mattress restriction deprived her of basic human needs or caused her to suffer serious harm"). Accordingly, Plaintiff's allegations that he slept on the floor and that BCCX is overcrowded do not state an Eighth Amendment claim.

Second, Plaintiff alleges mail is sometimes withheld for days or weeks. Delayed mail does not rise to an extreme deprivation necessary to state an Eighth Amendment violation.[1] *Accord Turner v. Smith*, No. C-95-4651 MHP, 1997 WL 588937, at *7 (N.D. Cal. Sept. 8, 1997) ("The emotional effects of delayed mail do not go beyond normal expectations for a person in plaintiff's situation and do not rise to the level of cruel and unusual punishment.").

Third, Plaintiff alleges that prisoners are "denied" hygiene and only get one pair of clothing, that inmates are denied cleaning supplies, and that laundry goes out and may not come back for three or four days. "Inmates must be furnished with materials to keep their cells clean, and for the maintenance of personal hygiene." *Grubbs v. Bradley*, 552 F. Supp. 1052, 1123 (M.D. Tenn. 1982). However, Plaintiff does not allege any facts to support his claim of being

---

[1] Although the Supreme Court has recognized that prisoners have protected First Amendment interests in both sending and receiving mail, Plaintiff has not alleged that BCCX's mail regulations were unconstitutional or content-based in any way. *See Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). Moreover, although "hindering the timely sending and receiving of an inmate's legal mail may . . . violate [his] right of access to courts under the Fourteenth Amendment," Plaintiff does not allege that any legal correspondence has been delayed or withheld from him. *Salem v. Warren*, 609 F. App'x 281, 283 (6th Cir. 2015). Accordingly, Plaintiff's allegations concerning withheld mail are also insufficient to sustain a First Amendment or Fourteenth Amendment claim.

"denied" hygiene or cleaning supplies that permit the Court to infer an Eighth Amendment violation, nor does he detail any adverse consequences he has suffered due to these alleged deprivations. *See Iqbal*, 556 U.S. at 678 (describing that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"). Accordingly, these allegations fail to state an Eighth Amendment claim.

Fourth, Plaintiff conclusorily alleges that "there is inadequate food on inmate trays." Although deprivation of food may, in some instances, amount to an Eighth Amendment violation, Plaintiff does not allege that he suffered any harm or negative health consequences as a result. *See Cunningham v. Jones*, 567 F.2d 653, 660 (6th Cir. 1977) (describing that if food provided is sufficient to maintain normal health, there is no Eighth Amendment violation); *Taylor v. Bedford Cty. Sheriff's Dep't*, No. 1:16-CV-081-HSM-CHS, 2018 WL 6004663, at *2 (E.D. Tenn. Nov. 15, 2018) ("Plaintiff's allegation that he has lost weight due to the jail's food portions is insufficient to allow the Court to plausibly infer that Plaintiff is denied adequate nutrition, as Plaintiff has not set forth his original weight and/or any other information from which the Court can determine that Plaintiff is malnourished."). Accordingly, this allegation fails to state an Eighth Amendment claim.

Fifth, also with respect to food, Plaintiff alleges there are rodents and rats in the BCCX food preparation area. "In general, the severity and duration of deprivations are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations of shelter, food, drinking water, and sanitation' may meet the standard despite a shorter duration." *Correa v. Cullum*, No. 1:17-CV-300, 2018 WL 2020615, at *3 (S.D. Ohio May 1, 2018), *report and recommendation adopted*, No. 1:17CV300, 2018 WL 2735635 (S.D. Ohio June 7, 2018) (quoting *DeSpain v.*

*Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001)). And "[i]solated exposure to foreign bodies in food, including those of rodents and insects, does not constitute an Eighth Amendment violation." *Id.* at *3 (dismissing Eighth Amendment claim alleging that the plaintiff inadvertently ingested foreign material found in his food on two occasions—rat legs and a shard of glass—because the incidents were "too few in number, too isolated in time, and resulted in too little injury to demonstrate a plausible claim for an objectively sufficiently serious deprivation of sanitary and edible food"). Plaintiff's claim that there are rats and rodents in the food preparation area, without more, does not amount to an Eighth Amendment violation.

Sixth, Plaintiff alleges that "guards are beating inmates to death" with no consequences. However, Plaintiff does not allege that he has ever been subjected to a beating or other use of excessive force. Section 1983 claims are personal to the injured party and must be brought by an injured party himself. *LeFever v. Ferguson*, 645 F. App'x 438, 447–48 (6th Cir. 2016). Thus, Plaintiff's allegation that other inmates have been beaten by guards fails to allege a constitutional deprivation.

Seventh, Plaintiff alleges that state inspectors never leave the tower during their inspections. This does not allege a deprivation of Plaintiff's constitutional rights and therefore does not state an Eighth Amendment claim.

Eighth, Plaintiff alleges the sewers are backing up into the sinks and showers. "Conditions-of-confinement cases are highly fact-specific, but one guiding principle is that the length of exposure to the conditions is often paramount." *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017) (citing *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001)). Plaintiff does not specify any time period during which he was exposed to sewage or unsanitary conditions. The Sixth Circuit and other courts "have held that a temporary exposure to human waste does not

meet the objective component of the Eighth Amendment." *Gallant v. Holdren*, No. 1:16-CV-383, 2019 WL 1370121, at *6 (S.D. Ohio Feb. 20, 2019), *report and recommendation adopted*, No. 1:16CV383, 2019 WL 1368329 (S.D. Ohio Mar. 26, 2019) (listing cases); *see also Lamb*, 677 F. App'x at 209–10 (inmate's four-hour exposure to human waste due to flooded toilet water insufficient to state Eighth Amendment violation); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (flooded cell and inoperable toilet were temporary inconveniences that did not violate Eighth Amendment). Without more, Plaintiff's general allegation that the sewers are backing up into sinks and showers does not state an Eighth Amendment claim.

Ninth, Plaintiff alleges that there are "rats and deadly spiders" in the pods where inmates sleep. Plaintiff does not state that he has been exposed to or faces harm from rats and deadly spiders. In other words, "there is no allegation that Plaintiff has suffered more than ordinary discomfort, which does not rise to the level of an Eighth Amendment violation." *Taylor v. Luttrell*, No. 06-2522-AN/V, 2008 WL 4065927, at *9 (W.D. Tenn. Aug. 27, 2008). Many other courts have also "rejected claims that prisoners were housed in dirty cells or exposed to some insects." *Id.*; *see, e.g.*, *Geder v. Godinez*, 875 F. Supp. 1334, 1341 (N.D. Ill. 1995) (allegations of unsanitary conditions, "including the presence of defective pipes, sinks, and toilets, improperly-cleaned showers, a broken intercom system, stained mattresses, accumulated dust and dirt, and infestation by roaches and rats" not sufficient serious to satisfy the objective component of an Eighth Amendment violation); *cf. Ford v. LeMire*, No. 03–CV–10176–BC, 2004 WL 1234137, at *4 (E.D. Mich. June 1, 2004) (noting that spider bites can lead to dire consequences, but that a delay in treating a spider bite does not satisfy the objective component of an Eighth Amendment violation where the plaintiff suffered only "minor discomfort and a fever").

Tenth, Plaintiff alleges generally that prisoners have been denied medical attention and medication on weekends when no nurse is on duty. Plaintiff does not specify whether he has been denied medical care or medication, nor does he detail any resulting harm. To set forth a viable claim for the denial of medical care, "the plaintiff must argue that his health suffered as a consequence of such alleged denial." *Vick v. Core Civic*, 329 F. Supp. 3d 426, 445 (M.D. Tenn. 2018) (citing *Thaddeus–X v. Blatter*, 175 F.3d 378, 401 (6th Cir. 1999)). Accordingly, Plaintiff has not stated a claim for denial of medical care.

Eleventh, Plaintiff alleges that inmates are often housed with other inmates that have "deadly diseases like TB, Hep C, [or] AIDS." Plaintiff has not alleged that he has been exposed to tuberculosis, Hepatitis C, AIDS, or any other disease. Plaintiff's allegation of an Eighth Amendment violation in this regard is conclusory and fails to state an Eighth Amendment claim. *See Evans v. Wilkerson*, 99 F.3d 1138 (6th Cir. 1996) (affirming trial court's dismissal of Eighth Amendment claim where plaintiff did not claim that he had been exposed to tuberculosis, only that he was "placed in an environment and 'conditions of confinement' where the spread of tuberculosis is fostered, present and known to the Defendants").

Finally, Plaintiff's allegation that his grievances have gone unanswered or received "off the wall" responses also fails to state a claim for relief because there is "no constitutionally protected due process right to unfettered access to prison grievance procedures." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005).

**IV. CONCLUSION**

For the reasons set forth above, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 as to any Defendant. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). The Court **CERTIFIES**

that any appeal from this action would not be taken in good faith and would be totally frivolous.

*See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**